IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY FAINT, | ) | CASE NO. 1:15 CV 1392 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Kelly Paul Faint under 42 U.S.C. § 405(g) for judicial

review of the final decision of the Commissioner of Social Security denying his applications

for disability insurance benefits and supplemental security income.[2] The Commissioner has

answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 12. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 8.

[4] ECF # 9.

[5] ECF # 6.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

### A.    Background facts and decision of the Administrative Law Judge ("ALJ")

Faint, who was 43 years old at the time of the administrative hearing,[11] has an eleventh grade education with a GED.[12]  His past employment experience includes being a tow motor operator, machine operator, lawn equipment mechanic, customer service representative, and a coating operator.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Faint had the following severe impairments: affective disorders and anxiety disorders (20 CFR 404.1520(c) and 416.920(c)).[14]

---

[6] ECF # 10.

[7] ECF # 19 (Commissioner's brief); ECF # 16 (Faint's brief) ECF # 17-1 (Faint's amended brief).

[8] ECF # 19-1 (Commissioner's charts); ECF # 16-1 (Faint's charts).

[9] ECF # 15 (Faint's fact sheet).

[10] ECF # 21.

[11] ECF # 15 at 1.

[12] *Id.*

[13] ECF #9, (Transcript ("Tr.") at 28.

[14] Tr. at 25.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Faint's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple and repetitive tasks. He can occasionally interact with supervisors, coworkers, and the public.[15]

Given that residual functional capacity, the ALJ found Faint incapable of performing his past relevant work as a tow motor operator, machine operator, lawn equipment mechanic, customer service representative, and coating operator.[16]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Faint could perform.[17] The ALJ, therefore, found Faint not under a disability.[18]

## B.     Issues on judicial review

Faint asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Faint presents the following issues for judicial review:

---

[15] *Id.* at 26.

[16] *Id.* at 28.

[17] *Id*.

[18] *Id*. at 29.

- Whether the ALJ's assessment of the evidence in light of listing 12.04 is supported by substantial evidence.

- Whether the ALJ erred in failing to give appropriate weight to the opinion of the treating mental health provider and erred in relying on an opinion from a previous hearing when stating *Drummond* did not apply.[19]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be remanded.

## Analysis

**A.    Standards of review**

*1.    Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

---

[19] ECF # 17-1 at 1.

conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[20]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[21] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[22]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## B.    Application of standard

Although Faint raises potentially substantive issues concerning the ALJ's determination of whether he met Listing 12.04, it is the ALJ's application of the rule set forth in *Drummond v. Commissioner of Social Security*[23] that is dispositive and will require a remand.

*Drummond* holds that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."[24] As the Sixth Circuit

---

[20] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[21] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[23] *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997).

[24] *Id*. at 842.

succinctly stated, "[j]ust as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner."[25]  Prior to *Drummond*, the Sixth Circuit in *Denard v. Secretary of the Health and Human Services*,[26] held that where a prior finding was that a claimant is not capable of performing his past relevant work, subsequent ALJ's are precluded, by estoppel, from reconsidering the issue and finding that the claimant is capable of performing past relevant work.[27]

Following these decision, the Social Security Administration (SSA) issued AR 98-3(6) and 98-4(6) explaining how the SSA would apply *Denard* and *Drummond* within the Sixth Circuit. The SSA rulings state in relevant part:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, the adjudicators must adopt such a finding as from the final decision by the ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the regulations or rulings affecting the finding or the method of arriving at the finding.[28]

Here, a prior ALJ in March 2010 found that Faint had a RFC to only perform light work with certain restrictions.[29] After noting the existence of this final decision, the current

---

[25] *Id.*

[26]  *Denard v. Secretary of the Health and Human Services*, 907 F.2d 598 (6th Cir. 1990)(*per curiam*).

[27] *Id.* at 599-600.

[28] AR 98-3-(6), 1998 WL 283901 at * 3 (June 1, 1998); AR 98-4(6), 1998 WL 283902 at *3 (June 1, 1998).

[29] Tr. at 70.

ALJ then determined that because of new and material evidence in the record, such as Faint's recovery from an upper extremity fracture and a more extensive work history, the "medical and vocational findings" of the 2010 decision "are not binding."[30]  In support of that conclusion, the ALJ in this case specifically cited *Drummond, Denard* and AR 98-4(6).[31]

On that premise, the ALJ then considered, and gave "little weight," to the functional opinion of Barbara Wisely, APNR,[32]  Faint's treating nurse, noting that Wisely was "not an acceptable medical source" and that her opinion was not supported by her own treatment notes.[33]  He further gave "some weight" to the functional opinion of Manella Link, Ph.D., a state agency reviewing psychologist, who gave the opinion in September, 2012, or nearly a year and a half before the hearing.[34]

In this situation, and specifically asserting that he was lacking "supported and specific opinions from acceptable medical sources," the ALJ reached back to the 2010 decision in Faint's prior case and "accept[ed]" the mental limitations from the prior administrative law judge decision."[35]

---

[30] *Id*. at 22.

[31] *Id.*

[32]  Advanced Practice Registered Nurse. An APRN is a registered nurse with a master's, post-master's or doctoral degree in a nursing specialty and is generally able to practice without the immediate supervision of a physician. *See*, www.graduatenursingedu.org

[33]  Tr. at 27.

[34] *Id*.

[35] *Id*.

As Faint points out, and as the ALJ's own words demonstrate, the ALJ here directly stated that the current record was insufficient for him to make a reasoned, supportable decision as to Faint's current mental limitations. Yet, instead of seeking the opinion of a Medical Expert, or sending Faint to a consultative examiner, the ALJ chose to "accept" the four-year-old mental limitations findings of the prior ALJ.

This decision is troubling on many levels. First, while an ALJ is not required to utilize an ME in every case, nor to order a consultative examination, he is given the authority to do so particularly "when the record before him does not permit him to make a disability determination."[36] Further, the current ALJ's decision to "accept" the prior ALJ's mental limitations findings[37] while also specifically disavowing that the prior RFC finding had any binding effect[38] makes it unclear, at the very least, how this ALJ applied *Drummond* in the current circumstance.[39] To the extent that the current ALJ relied on any prior mental limitation finding because it was deemed "binding" within the meaning of *Drummond*, that conclusion would be undercut by this ALJ's explicit statement in the opinion that the prior "medical ... findings ... are not binding."[40] To the degree that the current ALJ was seeking

---

[36] *Brown v. Secretary of Health and Human Services,* 911 F.2d 731 at *5 (6th Cir. 1990)(table case)(citation omitted).

[37] Tr. at 22.

[38] *Id*. at 27.

[39] *See, Brogan v. Comm'r of Soc. Sec*., 2015 WL 350387 at *14 (N.D. Ohio June 23, 2015).

[40] *Id*. at 22.

an acceptable source for reaching a conclusion as to Faint's current mental limitations, a four-year-old, non-binding opinion from a prior hearing that did not even consider the "new and material evidence" in the present record does not constitute substantial evidence in support of the current decision.

As noted, my focus on this issue as sufficient for determination of a remand should not be understood as precluding examination of the other issues raised here when the matter is remanded.

## Conclusion

For the reasons stated, I find that the decision of the Commissioner here is not supported by substantial evidence. Therefore, the matter is hereby remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.


Dated: August 31, 2016                          s/ William H. Baughman, Jr.
                                                United States Magistrate Judge